## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **DENNIS WAYCHUNAS**, )<br>)<br>        Plaintiff, )<br>)<br>        v. )<br>)<br>**NORTHWEST COLLECTORS, INC.** )<br>3801 Algonquin Road, Suite 232 )<br>Rolling Meadows, IL 60008,[1] )<br>)<br>        Defendant. ) | Case No. 15 C 3034 |

### MEMORANDUM ORDER

      Dennis Waychunas ("Waychunas") has sued Northwest Collectors, Inc. ("Northwest"), asserting a violation of the Fair Debt Collection Practices Act ("Act").[2] Because the Complaint filed by Waychunas' counsel has some troubling aspects, this memorandum order is issued sua sponte to call for some further up-front information from counsel.

      Before this memorandum order turns to those possible problems, though, one ironic aspect of the Complaint bears noting. Congress' purpose in adopting the Act was to protect the consumer public from harassment by dubious tactics that unfortunately exist in the debt collection practice. Yet it does not seem to have occurred to Waychunas' counsel that the carelessness disclosed in the first sentence of the Complaint's <u>INTRODUCTION</u> (Complaint ¶ 1)

---

    [1] [Footnote by this Court] Even before he begins the dubious litigative conduct described in the text, plaintiff's counsel has listed an erroneous address for defendant -- see Ex. A to this memorandum order.

    [2] References to the Act in this memorandum order will simply take the form "Section --," omitting the prefatory "15 U.S.C. §."

betrays the boilerplate nature of the pleading itself, which might perhaps be viewed as a different type of harassment inflicted on the reader called upon to scrutinize the Complaint: It actually misstates the defendant's name as "ICS Collection Service," even though the Complaint's target is of course Northwest.

For more substantively, however, the gravamen of the Complaint is found in a single communication from Northwest to Waychunas that sought to obtain payment of what is not challenged as constituting a legitimate debt of $335 owed by Waychunas for services by a radiologist. What is complained about as asserted Act-violative statements in the collection letter (which is attached as Ex. A to this memorandum order, just as it was Ex. A to the Complaint) are these two sentences:

> IT IS OUR INTENT TO PURSUE ALL AVENUES AVAILABLE TO US IN ORDER TO RECOVER THE MONIES DUE OUR CLIENT.
>
> YOU MUST ACT NOW IN ORDER TO RESOLVE THIS MATTER.[3]

In real world terms, any likelihood that the just-quoted language in the communication would really have triggered the horrific effects described in Complaint ¶ 17, which advances formulaic allegations that Waychunas "suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment," can scarcely satisfy the Twombly-Iqbal test of "plausibility" that is required to be met by litigation plaintiffs' statements of claim.

As for the first complained-of sentence, it is also noteworthy that Waychunas' counsel has no predicate other than his unsupported ipse dixit for alleging this in Complaint ¶ 16:

> By giving the vague threatening language, it is clear that Defendant is threatening action which is illegal and/or it has no intent to take.

---

[3] Preceding those sentences, the collection letter referred to the $335 as a "seriously delinquent account," a subject on which the Complaint is totally silent.

But nothing in the complained-of language even suggests a threat of illegal action. And as for characterizing Northwest as "threatening action" that "it has no intent to take," the debt collection letter was sent at the end of February of this year and the Complaint was filed just some five weeks later (on April 7, 2015) -- so how do Waychunas and his lawyer know that the complained-of statements reflect action that Northwest "has no intent to take"?

As for the second complained-of sentence, the Complaint makes no reference to the communication's opening sentence, which as stated in n.3 characterizes the Waychunas obligation as a "seriously delinquent account." Given counsel's penchant for hyperbole, this Court might reasonably assume that if such was not the case it would have been included as an added grievance rather than having been left totally unmentioned. But even if that characterization were not accurate, the Twombly-Iqbal requirement of "plausibility" would not be satisfied by attaching an in terrorem pejorative label to that statement.

This Court has total respect for the Act's purpose of avoiding "false, deceptive or misleading statements" (Section 1692e), and it also finds no difficulty in applying the "unsophisticated consumer" yardstick in measuring claimed violations of the Act. But in this instance it has serious question as to whether Waychunas' counsel has gone too far in the direction of lawyer abuse (rather than debt-collector abuse) in an attempt to meet the Twombly-Iqbal test. Accordingly it sets an initial status hearing in this action at 9 a.m. April 21, 2015, at which time counsel should be prepared to offer up an explanation as to the several issues identified in this memorandum order.

                                                                            _____
                                                                            Milton I. Shadur

Date: April 9, 2015                        Senior United States District Judge

# NCInc.

**NORTHWEST COLLECTORS INC.**
3601 Algonquin Road, Suite 232 • Rolling Meadows, IL 60008

Office Hours: Monday through Friday
8:30AM–5:00PM Central Standard Time
Toll-Free: 877-297-7246, ext 20
Toll-Free Fax: 866-259-8269

February 27, 2015

DENNIS WAYCHUNAS
544 N WEST AVE
ELMHURST IL 60126-1836

### ACCOUNT SUMMARY

Original Creditor
ELMHURST RADIOLOGISTS, S.C.

| Account No. | Amount |
|---|---|
| 378050 | $335.00 |

I HAVE BEEN ADVISED BY OUR COLLECTION STAFF OF YOUR REFUSAL TO PAY YOUR SERIOUSLY DELINQUENT ACCOUNT.

AS YOU HAVE BEEN PREVIOUSLY ADVISED WE ARE REPORTING MEMBERS OF NATIONAL CREDIT BUREAUS AND YOUR ACCOUNT IS NOW LISTED AS UNPAID.

IT IS OUR INTENT TO PURSUE ALL AVENUES AVAILABLE TO US IN ORDER TO RECOVER THE MONIES DUE OUR CLIENT.

YOU MUST ACT NOW IN ORDER TO RESOLVE THIS MATTER.

COORDIALLY YOURS;

*Sidney Stein*

COLLECTION SUPERVISOR
NORTHWEST COLLECTORS INC.

NORTHWEST COLLECTORS INC. IS A COLLECTION AGENCY.
THIS IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THIS PURPOSE.

### PAYMENT OPTIONS

**Payments By Internet**

www.epaymyaccount.com
Visa, MasterCard, Discover,
American Express &
Pay by Check also available

**Payments By Phone**

Please Call Toll-Free:
**1-877-297-7246**
Visa, MasterCard, Discover,
& American Express,
Debit Card,
Check-By-Phone

**Payments By Mail**

Visa, MasterCard, Discover,
& American Express,
Check
(You can use the return envelope provided and the bottom portion of this notice for your convenience.)

IMS00248

---

✂ **IMPORTANT: TO RECEIVE PROPER CREDIT BE SURE TO ENCLOSE THIS PORTION WITH YOUR PAYMENT IN FULL** ✂

| Orig Cred: ELMHURST RADIOLOGISTS, S.C. | Acct#: 378050 | Balance: $335.00 |

IF PAYING BY VISA, MASTERCARD, AMERICAN EXPRESS, OR DISCOVER, PLEASE FILL OUT BELOW

☐ VISA   ☐ MasterCard   ☐ AMERICAN EXPRESS   ☐ DISCOVER

Card #: _____ 3-Digit CCV: _____

Expiration Date: _____/_____/_____   Payment Amt: $_____

Print Name_____

Signature_____

3601 Algonquin Road, Suite 232
Rolling Meadows, IL 60008
RETURN SERVICE REQUESTED

**RETURN IN PROVIDED ENVELOPE TO:**



DENNIS WAYCHUNAS
544 N WEST AVE
ELMHURST IL 60126-1836

NORTHWEST COLLECTORS INC
3601 ALGONQUIN ROAD, SUITE 232
ROLLING MEADOWS IL 60008

Ex. A